J-S02021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOLOMON CARTER | : | |
| | : | |
| Appellant | : | No. 3076 EDA 2023 |

Appeal from the PCRA Order Entered October 5, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000228-2009

BEFORE:  LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED APRIL 23, 2025**

Solomon Carter appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Carter's counsel has filed a **Turner/Finley**[1] brief and a petition to withdraw as counsel. We conclude that Carter's petition was facially untimely, and he failed to assert any time-bar exception in the PCRA court. We therefore affirm the order dismissing Carter's PCRA petition and grant counsel's petition to withdraw.

This Court previously summarized the facts as follows:

> Carter stabbed and killed his girlfriend, Karima Ballard, and injured Ballard's friend. Police arrested Carter, and the Commonwealth charged him with murder, aggravated assault, and possessing an instrument of crime ("PIC"). At the conclusion of a non-jury trial, the trial court found Carter guilty of first-degree murder, aggravated assault, and PIC. The trial court sentenced Carter to life imprisonment for

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

> murder, as well as a combined, concurrent sentence of five to ten years for aggravated assault and PIC. This Court affirmed the judgment of sentence, and our Supreme Court denied Carter's petition for allowance of appeal ("PAA") on September 9, 2013.

*Commonwealth v. Carter*, 301 A.3d 897, 2023 WL 3944886, *1 (Pa.Super. filed June 12, 2023) (unpublished mem.).

On September 3, 2014, Carter timely filed his first PCRA petition. The PCRA court appointed counsel, who filed a petition to withdraw and a no-merit letter. On January 17, 2019, the court granted counsel leave to withdraw and dismissed Carter's first PCRA petition. Carter filed a *pro se* notice of appeal, and this Court affirmed in part and reversed in part, concluding that trial counsel was ineffective for failing to object to improper victim impact testimony at the sentencing hearing. *See Commonwealth v. Carter*, 249 A.3d 1188, 2021 WL 754342, *10-12 (Pa.Super. filed Feb. 26, 2021) (unpublished mem.). Thus, we affirmed the dismissal of Carter's first PCRA petition in part, reversed only that portion of the PCRA court's order dismissing the victim-impact testimony claim, and remanded for resentencing. *Id.* at 12.

Following remand, the court appointed counsel to represent Carter at his resentencing. On December 28, 2021, before the trial court resentenced Carter, counsel filed the instant PCRA petition requesting leave to file a petition for allowance of appeal *nunc pro tunc* from this Court's February 26, 2021 decision. Carter alleged that "[n]othing in the Superior Court's opinion of February 2[6], 2021 nor in the cover letter sent to [Carter] indicated that he had a right to request either a full panel hearing or to file a petition for

allowance of appeal to the P[ennsylvania] Supreme Court." Petition For Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc* Pursuant to PCRA, filed 12/28/21, at ¶ 8. He alleged that he had advised counsel "that he wishe[d] to appeal those portions of the Superior Court's February 26, 2021 opinion that affirmed his denied PCRA appeal," and claimed that if he had been advised of his right to seek reconsideration or allowance of appeal, "he would have timely done so." *Id.* at ¶¶ 9-10.

At the resentencing hearing on remand, on January 3, 2022, the trial court orally denied the instant PCRA petition. *See* N.T., 1/3/22, at 4. The court then resentenced Carter to life imprisonment for murder and a concurrent 33 to 66 months' incarceration for aggravated assault. The court did not enter a written order denying Carter's second PCRA petition. Carter filed a timely appeal of his new judgment of sentence, and this Court affirmed in June 2023. *See Carter*, 301 A.3d 897, 2023 WL 3944886, at *1. We noted that "because the court ha[d] yet to enter and docket an order formally disposing of Carter's second PCRA petition, an appeal from the denial of Carter's second PCRA petition [wa]s premature." *Id.* at *4.

Subsequently, on August 1, 2023, the PCRA court issued a Rule 907 notice of intent to dismiss Carter's second PCRA petition. *See* Pa.R.Crim.P.

907(1). On October 5, 2023, the court dismissed the petition. Carter filed a *pro se* notice of appeal.[2]

On September 23, 2024, counsel filed a **Turner/Finley** brief and a petition to withdraw as counsel in this Court. Carter did not file a response to counsel's petition to withdraw.

Counsel identifies the following issue in the **Turner/Finley** brief: "Did the PCRA court commit error in denying [Carter's] PCRA petition without a hearing?" **Turner/Finley** Br. at 4.

We first must determine whether counsel has satisfied the procedural requirements of a petition to withdraw. A **Turner/Finley** brief must detail the nature and extent of counsel's review, list each issue the petitioner wishes to have reviewed, and provide an explanation of why the petitioner's issues are

_____

[2] Carter's *pro se* notice of appeal is facially untimely. Carter had until November 6, 2023 to file a timely notice of appeal from the order dismissing his PCRA petition. **See** Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken)." Carter's notice of appeal is dated November 7, 2023 and was docketed on November 9, 2023. We decline to quash because we conclude that there was a "breakdown" in judicial processes sufficient to permit us to entertain this appeal. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa.Super. 2007). Although Carter was represented by counsel, the PCRA court only served Carter, who is incarcerated, and not his counsel, with its order denying the instant PCRA petition. There is no indication on the docket that counsel was served with the order and the proof of service attached to the court's order and accompanying opinion indicates that only the Commonwealth and Carter were served. **See** Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented"); Pa.R.Crim.P. 114(C)(2)(c) (trial court docket entries "shall contain . . . the date of service of the order or court notice"). We find that this constituted a breakdown in court processes and thus, we do not quash Carter's appeal.

meritless. ***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa.Super. 2011). Counsel also must contemporaneously send to the petitioner a copy of the "no-merit" letter/brief, a copy of counsel's motion to withdraw, and a statement advising the petitioner of the right to proceed *pro se* or with new counsel. ***Id.*** If counsel satisfies the technical requirements, this Court must conduct its own review of the merits of the case. ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007). If we agree with counsel that the claims are without merit, we will allow counsel to withdraw and deny relief. ***Id.***

Here, counsel has substantially complied with the requirements of ***Turner/Finley***. Counsel detailed his review of the record and concluded that Carter's claim is meritless. He also provided the ***Turner/Finley*** brief to Carter and advised him of his right to retain new counsel or proceed *pro se*. ***See*** Application to Withdraw, filed 9/23/24, at ¶ 5, Ex. A. Counsel additionally provided Carter with a copy of the petition to withdraw. Thus, we proceed to the issue counsel has identified.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Any petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date on which the judgment of sentence becomes final, unless the petitioner pleads and proves an exception to the one-year bar. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a

judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3).

Courts may consider a PCRA petition filed after the one-year deadline only if the petitioner pleads and proves at least one statutory exception:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, on direct appeal, our Supreme Court denied his petition for allowance of appeal on September 9, 2013. Carter's judgment of sentence became final on December 9, 2013, when the 90-day period to petition for allowance of appeal to the United States Supreme Court expired. *See* U.S.Sup.Ct. Rule 13(1) (providing 90 days to file writ of certiorari with United States Supreme Court). He therefore had until December 9, 2014 to file a

timely petition, and the instant petition, which Carter filed in December 2021, was facially untimely.[3] Thus, the PCRA court lacked jurisdiction unless Carter pleaded and proved at least one of the time-bar exceptions. *See* ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Carter did not attempt to raise any time-bar exception before the PCRA court. Since the instant petition was filed more than one year after his judgment of sentence became final, and Carter failed to plead and prove any exception to the PCRA's one-year deadline, the PCRA court lacked jurisdiction to entertain the merits of the petition. Accordingly, the PCRA court did not err in dismissing the petition as untimely.

Our independent review of the record discloses no non-frivolous issues Carter could have raised. We therefore grant counsel's petition to withdraw and affirm the PCRA court's order.

Order affirmed. Petition to withdraw granted.

---

[3] Counsel argues that Carter's PCRA petition was timely because it was filed within one year of this Court's February 26, 2021 decision, which reversed in part and remanded. *See* ***Turner/Finley*** Br. at 10. However, this Court remanded only for resentencing. We did not reinstate his direct appeal or disturb any of Carter's convictions. "[A] successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa.Super. 2008) (citation omitted). Because Carter's case was remanded only for resentencing and we did not disturb his convictions, Carter's successful first PCRA petition did not reset the finality clock.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/23/2025</u>